IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRELL LAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-924 (MN) |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

**I. INTRODUCTION**

Plaintiff Darrell Law ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983. On May 28, 2019, the Court denied Plaintiff's motion to proceed *in forma pauperis* because, prior to commencing this action and while incarcerated, he had filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. (D.I. 7). On June 3, 2019, Plaintiff filed a motion for my recusal. (D.I. 8).

**II. DISCUSSION**

Plaintiff moves for my recusal under 28 U.S.C. § 455 and § 144. (D.I. 8). He has submitted an affidavit to support his motion for disqualification under § 144. (D.I. 9).

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff submitted a three paragraph affidavit (D.I. 9) in support of his motion. In the affidavit, Plaintiff states that he "believes" I am "intolerant and uninterested in his judiciary matters because he is incarcerated" and a "*pro se* litigant." (*Id.* at 1). Plaintiff

believes this is so because he has a total of three civil matters pending before me. (*Id*.). He states that I am "only interested in matters of litigation involving big business and corporation." (*Id*.).

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Here, it is evident that Plaintiff's allegations of bias consist of subjective conclusions and disagreements with this Court's legal rulings in this and other cases wherein Plaintiff is a party and because I have not reviewed his cases as quickly as he would like. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations).

Plaintiff filed the motion for recusal after the Court denied his motion to proceed *in forma pauperis*. It is evident that he is unhappy with the ruling. The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, Plaintiff has not met the requirements of § 144, and his motion for recusal under 28 U.S.C. § 144 will be denied.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. at 555–56.

Again, it is evident in reading Plaintiff's motion that he takes exception to this Court's recent ruling and his displeasure because he believes his cases are not being ruled upon quickly enough and both serve as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate that I acted in any such manner when ruling in cases wherein Plaintiff is a party. Nor have I delayed in ruling on Plaintiff's cases for any reason. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards

Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

## III. CONCLUSION

For the above reasons, the Court will deny the motion for recusal (D.I. 8).

An appropriate order will be entered.

June 10, 2019

_____
The Honorable Maryellen Noreika
United States District Judge