IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRELL LAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-924 (MN) |
| ) | |
| WARDEN DAVID PIERCE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, this 12th day of January 2021:

**Introduction**. Plaintiff Darrell Law ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 on May 17, 2019, and amended the complaint on May 27, 2020. (D.I. 2, 22). He also filed a motion for emergency injunctive relief. (D.I. 21). On November 19, 2020, this Court denied the motion for injunctive relief, dismissed the complaint, and gave Plaintiff leave to file a second amended complaint on or before December 30, 2020 to cure his pleading defects. (*See* D.I. 38, 39). On December 4, 2020, Plaintiff filed a request for counsel, and on January 4, 2021, he filed a memorandum in opposition to screening procedures that is construed by this Court as a motion for reconsideration. (D.I. 40, 41). This Court turns first to the motion for reconsideration.

**Request for Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff opposes the "inappropriate screening procedure" and contends this Court misconstrues and, in certain instances, disregards facts in favor of Defendants. (D.I. 41). He asks this Court to rescreen and to legally reexamine his tort claims. (*Id.*). He also requests counsel, requests discovery, disqualification, and an extended leave to amend the complaint. (*Id.*).

This Court has reviewed the Complaint/Amendment Complaint as pled and the applicable law. Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by this Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Notably, Plaintiff has been given leave to amend to cure his pleading defects. His motion for reconsideration will be denied.

**Request for Counsel**. Plaintiff acknowledges that he is a "sophisticated jail house lawyer." (D.I. 40 at 5). He seeks counsel on the grounds that his claims have some arguable merit, he is significantly impaired and housed in the infirmary, he is under duress because he has

endured a peculiar and drawn out screening procedure, his ability to conduct discovery is impeded by his incarceration, and he disagrees with the rulings of this Court.[1] (D.I. 40).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel, however, may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

This Court has reviewed the docket in this case as well as Plaintiff's filings. Throughout, Plaintiff has ably represented himself in this matter. Upon consideration of the entire record, this

---

[1] In discussing his displeasure with this Court's ruling, Plaintiff states that Judge Noreika should, again, be considered for disqualification under 28 U.S.C. § 455. (D.I. 40 at 4). This Court will deny the motion to disqualify for the reasons discussed in the June 1, 2019 Memorandum and Order. (*See* D.I. 11, 12).

Court concludes that counsel is not necessary at this time. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew.

**Conclusion**. For the above reasons, IT IS HEREBY ORDERED that: (1) Plaintiff's request for counsel (D.I. 40) is DENIED without prejudice to renew; (2) Plaintiff's motion for reconsideration (D.I. 41) is DENIED; and (3) Plaintiff is given up to and including January 29, 2021 to file a second amended complaint. The case will be dismissed should Plaintiff fail to timely file a second amended complaint.

_____
The Honorable Maryellen Noreika
United States District Judge